IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPHFIELD HUDSON,

                                                             ORDER

                Plaintiff,

                                                       07-C-355-C

     v.

T. SPENCE, Chief Pharmacist and
J. PENAFLOR, Physician Assistant,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on August 27, 2007, I granted plaintiff Ralphfield Hudson leave to proceed in forma pauperis on his claims that respondent T. Spence violated his constitutional rights by giving him an ineffective medication for his epilepsy and by improperly reducing the dosage of his seizure medications, and respondent Penaflor violated his Eighth Amendment rights when he refused to treat a rash on petitioner's arms and legs. In the same order, I denied petitioner leave to proceed on his claims under the Administrative Procedures Act.

      Defendants filed their answer to plaintiff's complaint on November 2, 2007. At this point in the lawsuit, a preliminary pretrial conference would typically be scheduled to be

held before Magistrate Judge Stephen Crocker. However, before this case could proceed to the next stage, the Court of Appeals for the Seventh Circuit handed down a decision clarifying the application of the 1996 Prison Litigation Reform Act to cases such as this one in which the prisoner plaintiff raises unrelated claims against different defendants. In George v. Smith, ---F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007) (copy attached), the court of appeals ruled that a prisoner may not "dodge" the fee payment provisions or the three strikes provisions in the PLRA by filing unrelated claims against different defendants in one lawsuit. Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits. The court explained that under Fed. R. Civ. P. 18(a), "multiple claims against a single party are fine," but that under Fed. R. Civ. P. 20(a), "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id. at 2. So, for example, where, as here, plaintiff's complaint raises a claim that defendant Spence gave him ineffective medication, and a second claim that defendant Penaflor refused to treat a rash on plaintiff's arms and legs, the two claims may not be considered in the same lawsuit because they are separate actions, in and of themselves. Instead the claims must be severed and decided in separate lawsuits, each of which is subject to the fee payment provisions of the PLRA.

In light of George, I may apply the initial partial payment plaintiff paid in this case, and any subsequent payments he may have made to only one of his two claims. Plaintiff will

2

have to choose the claim on which he wants to go forward. As for the other claim, plaintiff will have a more difficult choice. He may choose to pay a second filing fee, beginning with an initial partial payment in the amount of $270 (the partial fee payment that was calculated from plaintiff's trust fund account statement at the time he filed this action) and the remainder of the filing fee in installments as required by 28 U.S.C. § 1915(b)(2). Alternatively, he may choose to dismiss one of his claims voluntarily. If he chooses this latter route, plaintiff will not owe a second filing fee. Any claim dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it in another lawsuit, at another time.

One further matter requires comment. In George, the court of appeals ruled that if a prisoner brings a lawsuit raising multiple claims and if any one or more of those claims is dismissed at the time of screening because it is frivolous, malicious or fails to state a claim upon which relief may be granted, a strike under 28 U.S.C. § 1915(g) is to be recorded against the plaintiff. At the time this court screened plaintiff's complaint in this case, it dismissed his claim that respondent Spence violated Bureau of Prisons Program Statement 6000.05, which allows pharmacists to substitute generic medications for brand name medications, but does not allow a pharmacists to change a prescription entirely. I found that plaintiff did not have a cause of action for a violation under the Administrative Procedures Act and dismissed the claim for plaintiff's failure to state a claim upon which relief may be

3

granted. Therefore, a strike will be recorded against plaintiff for filing a complaint containing claims subject to the three-strikes provision of the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that

1. Plaintiff may have until November 30, 2007, in which to advise the court and defendants whether he wishes to continue to prosecute both of his claims or whether he will withdraw one of the claims voluntarily.

2. If, by November 30, 2007, plaintiff advises the court and defendants that he intends to prosecute both of his claims, he may have until December 7, 2007, in which to submit a check or money order made payable to the clerk of court in the amount of $270. Upon submission of the payment, the court will enter an order severing plaintiff's claims and the payment will constitute plaintiff's initial partial payment for the second lawsuit. Plaintiff will then owe the remainder of a second filing fee, which must be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).

3. If, by November 30, 2007, plaintiff advises the court and defendants that he will withdraw one of his claims voluntarily, he must identify the claim he wishes to withdraw. The court will then enter an order accepting dismissal of the claim without prejudice. In this instance, plaintiff will not owe a filing fee for the second lawsuit.

4. If, by November 30, 2007, plaintiff fails to respond to this order, I will enter an

order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

5.  A strike is recorded against plaintiff for having filed a lawsuit containing legally meritless claims.

Entered this 16th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge