IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPHFIELD HUDSON,

                    Plaintiff,

      v.

TINA SPENCE, Chief Pharmacist,

                    Defendant.

OPINION and ORDER

03:07-cv-0355-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ralphfield Hudson brought this civil action for declaratory and monetary relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  He contends that defendant Tina Spence, an employee of the United States Public Health Service, violated his rights under the Eighth Amendment of the United States Constitution when she failed to provide him with medication adequate to control his seizure condition.

      Now before the court is defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1).  Defendant contends that plaintiff may not pursue a claim of constitutional wrongdoing with respect to his medical care against her under Bivens. Instead, the only avenue of relief available to plaintiff for his claim is a suit against the

United States under the Federal Tort Claims Act.  According to defendant, Congress made it explicit in 42 U.S.C. § 233(a) that the Tort Claims Act is the exclusive remedy for claims of personal injury resulting from "the performance of medical, surgical, dental or related functions" by a commissioned officer or employee of the Public Health Service.  Id.  In her affidavit in support of this motion, defendant avers that she is employed by and a "commissioned officer of" the United States Public Health Service.

In response to defendant's motion to dismiss, plaintiff argues that Bivens provides an important remedy to individuals suffering constitutional harm by the actions of federal employees and that the Federal Tort Claims Act is "less effective."  However, plaintiff's own view about the relative value of a Bivens claim versus a Federal Tort Claims Act claim is not determinative.  Instead, "'when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective,' the plaintiff is barred from bringing a Bivens action." Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000) (citing Carlson v. Green, 446 U.S. 14, 18-19 (1980)).  When Congress passed 42 U.S.C. § 223(a), it did just this.  Id. (holding that under 42 U.S.C. § 223 (a), Federal Tort Claims Act is alternative, exclusive remedy for medical claims against Public Health Services employees).

Plaintiff does not argue or present any evidence that defendant is not a commissioned officer or employee of the Public Health Service, or that his suit does not concern the quality

2

or lack of quality of his medical care.  Therefore, plaintiff's complaint must be dismissed on the ground that Congress has foreclosed plaintiff's ability to sue defendant in a <u>Bivens</u> action.

One final matter requires discussion.  In his response to defendant's motion to dismiss, plaintiff asks that, if his <u>Bivens</u> claim is dismissed, he be granted leave to amend his complaint to substitute the United States as a defendant and to raise a Federal Tort Claims Act claim.  Leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  However, a request for leave to amend may be denied on several grounds, including undue delay, undue prejudice to the party opposing the motion, or futility of the amendment.  <u>Butts v. Aurora Health Care, Inc.</u>, 387 F.3d 921, 925 (7th Cir. 2004); <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 632 (7th Cir. 2001).

In her reply brief, defendant argues that it would be futile to allow plaintiff to amend his complaint to include a claim against the United States under the Federal Tort Claims Act because it is "unclear" whether he has exhausted his administrative remedies as required by the statute.  <u>See, e.g.</u>, 28 U.S.C. § 2675 (requiring exhaustion of administrative remedies before claim is filed in federal court).  Under the Federal Tort Claims Act, administrative remedies are exhausted by filing a claim for damages with the relevant federal agency.  28 U.S.C. § 2675(a).  After the relevant federal agency denies the claim or does not "make final disposition of a claim within six months after it is filed," suit may be brought in federal

3

court.  Id.

Failure to exhaust is an affirmative defense, which defendant bears the burden of pleading and proving.  Jones v. Bock, 127 S. Ct. 910 (2007).  However, I agree with defendant that it would make little sense to allow plaintiff to amend his complaint if it would have to be dismissed immediately for his failure to exhaust his administrative remedies.  Therefore, I will direct plaintiff to advise the court by February 21, 2008 whether he presented his claim to the Bureau of Prisons and whether the claim was denied by the agency.  I will stay a decision whether to allow plaintiff to amend his complaint until he submits this information; if plaintiff does not submit a response to this order, I will assume that he did not exhaust his administrative remedies as required under the Federal Tort Claims Act and I will dismiss this case in its entirety.


ORDER

IT IS ORDERED that defendant Tina Spence's motion to dismiss plaintiff Ralphfield Hudson's Eighth Amendment claim against her is GRANTED.

Further, IT IS ORDERED that plaintiff advise the court no later than February 21, 2008 whether he presented his claim to the Bureau of Prisons and whether the claim has been denied by the agency.  If by February 21, 2008, plaintiff advises the court that he has exhausted his administrative remedies, I will allow plaintiff to amend his complaint to

4

substitute the United States as a defendant and this case will proceed as an action under the

Federal Tort Claims Act.  If, by February 21, 2008, plaintiff fails to respond to this order, I

will assume that he did not exhaust his administrative remedies as required under the Federal

Tort Claims Act and I will dismiss this case in its entirety.

Entered this 8th day of February, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5