IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPHFIELD HUDSON,

                                    OPINION and ORDER

            Plaintiff,

                                    07-cv-355-bbc

     v.

TINA SPENCE, Chief Pharmacist,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Ralphfield Hudson contends that defendant Tina Spence failed to provide him with medication adequate to control his seizure condition. Through no fault of his own, plaintiff's lawsuit has now reached a dead end. Now before the court is plaintiff's motion to stay his case while he attempts to exhaust his administrative remedies under the Federal Tort Claims Act.

Originally, plaintiff brought his lawsuit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On December 17, 2007, defendant moved to dismiss plaintiff's Bivens claim on the ground that she is an employee of the United States Public Health Service and therefore subject to suit only under the Federal Tort Claims Act. Dkt. #19. That motion was granted. Dkt. #26. However, in responding to

1

defendant's motion to dismiss, plaintiff asked to be granted leave to amend his complaint to include a claim under the Federal Tort Claims Act. Because the exhaustion process differs for constitutional claims and those brought under the Federal Tort Claims Act, I directed plaintiff to advise the court about what steps, he had taken, if any, to exhaust his administrative remedies under the Federal Tort Claims Act.

Plaintiff has responded to that order by submitting copies of forms BP-8, BP-9, BP-10 and BP-11 that he filed with prison authorities and to which prison authorities responded. Apparently understanding that this evidence of exhaustion may be inadequate to satisfy the exhaustion requirements of the Federal Tort Claims Act, he has requested a stay of the proceedings in this case until he can pursue the administrative remedies available to him under the Act.

Exhaustion under the Federal Tort Claims Act requires a plaintiff to file an administrative claim with "the appropriate federal agency" within two years of the act giving rise to the claim, 28 U.S.C. § 2401(b). The plaintiff cannot file a lawsuit until the claim is denied or six months have elapsed without action by the agency. 28 U.S.C. § 2675. The exhaustion procedure for claims under the Act is different from the procedure under which plaintiff attempted to administratively exhaust his Eighth Amendment claim using the BP forms he submitted to the court. Compare 28 C.F.R. § 542.10 (setting out procedure for inmate grievances relating to any aspect of his confinement) with 28 C.F.R. § 543.31

(setting out administrative procedure for raising tort claim).

Therefore, the fact that plaintiff filed BP-8, BP-9, BP-10 and BP-11 forms does not relieve him of his responsibility to file an administrative claim for the purpose of the Federal Tort Claims Act. Because it would be futile for plaintiff to amend his complaint to include a claim under the Federal Tort Claims Act for which he has not yet filed an administrative claim, plaintiff's request to amend his complaint will be denied.

Similarly, plaintiff's request that the court stay his case while he exhausts his administrative remedies under the Federal Tort Claims Act will be denied. First, this process is lengthy, lasting as much as six months or more. Moreover, plaintiff's concerns may be resolved during this administrative process. However, if plaintiff's claims remain after he has exhausted the administrative remedies available to him under the Federal Tort Claims Act, he may move to reopen this case and amend the complaint at that time. Barnes v. Briley, 420 F.3d 673, 678 (7th Cir. 2005) (allowing prisoner to amend complaint to include § 1983 claim when he had exhausted administrative remedies after filing lawsuit because he had previously exhausted administrative requirements for dismissed Federal Tort Claims Act claim). In the meantime, I will close the case administratively, subject to reopening should the administrative proceedings not resolve plaintiff's claim.

3

ORDER

IT IS ORDERED that plaintiff Ralphfield Hudson's motion to stay the case is DENIED. Plaintiff may move to reopen this case and amend his complaint to include a claim under the Federal Tort Claims Act if and when he completes the administrative claim process required under that Act. The clerk of court is ordered to close this case administratively, subject to reopening should administrative proceedings not resolve plaintiff's claim.

Entered this 4th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge